UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MIGUEL PANTOJA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.: 4:16-cv-03527** |
| § | |
| **ALLSTATE VEHICLE AND PROPERTY** § | |
| **INSURANCE COMPANY** § | |
| § | |
| **Defendants.** § | |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.    INTRODUCTION

1.    This is an insurance coverage and bad faith case. On or about October 26, 2016, Plaintiff Miguel Pantoja ("Plaintiff") filed his Original Petition in Cause No. 2016-74320 in the 189th Judicial District Court of Harris County, Texas, initiating a civil cause of action against Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant"). Exhibit D.

2.    Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant Allstate.

3.    Plaintiff alleges causes of action against Defendant related to Defendant's handling of an insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas

Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing. Plaintiff further alleges that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code. Plaintiff seeks damages of "over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees." <u>Exhibit D, p.2.</u>

4. Allstate received the Citation and Plaintiff's Original Petition by personal delivery on or about October 31, 2016. <u>Exhibits E and F</u>. Allstate filed its Original Answer on November 18, 2016. <u>Exhibit G</u>.

5. Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. **Complete Diversity Exists Between the Parties.**

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was and still is, domiciled in Harris County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship,

Plaintiff is considered a Texas citizen.

8. Defendant Allstate Vehicle and Property Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced in Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois.

### C. The Amount in Controversy Exceeds $75,000.

9. Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff "seeks monetary relief over $100,000, but not more than $200,000, including damages, of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Exhibit D., p. 2.

### III. VENUE

10. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 189th District Court of Harris County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the U.S. District Court for the Southern Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket Sheet in the state court action |
| **C.** | Civil Case Information Sheet filed in the 189th District Court of Harris County, Texas on October 26, 2016 |
| **D.** | Plaintiffs' Original Petition filed in 189th District Court of Harris County, Texas on October 26, 2016 |

| EXHIBIT | DESCRIPTION |
|---|---|
| E. | Citation to Allstate Vehicle and Property Insurance Company issued by the District Clerk of Harris County, Texas on October 26, 2016 |
| F. | Affidavit of Service pertaining to Allstate Vehicle and Property Insurance Company filed in the 189th District Court of Harris County, Texas on November 8, 2016 |
| G. | Defendant Allstate Vehicle and Property Insurance Company's Verified Plea in Abatement and, Subject Thereto, Original Answer filed in 189th District Court of Harris County, Texas on November 18, 2016 |
| H. | List of Counsel of Record |

12. This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

13. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 189th Judicial District Court of Harris County, Texas promptly after filing of same.

### V.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company respectfully requests that the above-captioned action now pending in the 189th Judicial District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,

*/s/ W. Neil Rambin*
W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@sedgwicklaw.com
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200
(469) 227-8004 (Fax)

**ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 30th day of November, 2016.

Richard D. Daly
Ana M. Ene
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

*/s/ L. Kimberly Steele*
L. KIMBERLY STEELE